IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **MIDTOWN 2100, L.L.C.,** | § § § | |
| *Plaintiff*, | § § | **CIVIL ACTION NO. _____** |
| **v.** | § § | |
| **WILMINGTON TRUST, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE BENEFIT OF THE REGISTERED HOLDERS OF WELLS FARGO COMMERCIAL MORTGAGE TRUST 2022-C62 COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2022-C62,** | § § § § § § § § § § § | |
| *Defendant*. | § § § | |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Wilmington Trust, National Association, as trustee for the benefit of the registered holders of Wells Fargo Commercial Mortgage Trust 2022-C62 Commercial Mortgage Pass-Through Certificates, Series 2022-C62 ("Defendant") by and through the undersigned counsel, hereby removes this action from the District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division. Federal jurisdiction is proper on the basis of diversity jurisdiction under 28 U.S.C. § 1332. In support of this Notice of Removal, Defendant states as follows.

### I.     State Court Action

1. On January 2, 2025, Plaintiff Midtown 2100 L.L.C ("Plaintiff" or "Midtown") commenced this action against Defendant by filing its Original Petition and Application for Injunctive Relief ("Petition") in the District Court of Harris County, Texas.

2. Defendant Wilmington Trust, National Association ("Wilmington"), as trustee for the benefit of the registered holders of Wells Fargo Commercial Mortgage Trust 2022-C62 Commercial Mortgage Pass-Through Certificates, Series 2022-C62 ("Trust") is the lender, by assignment from LMF Commercial, L.L.C., under a commercial mortgage loan in the original principal amount of $36,000,000 (the "Loan") evidenced in part by that certain Loan Agreement dated as of March 10, 2022 (the "Loan Agreement"), which is attached to the Petition as Exhibit B.

4. Plaintiff asserts a claim against Defendant for declaratory and injunctive relief related to the provisions of the Loan Agreement and the trigger of a "cash sweep" thereunder.

### II.
### Procedural Requirements

5. Defendant is entitled to remove an action within thirty (30) days of its receipt of the Petition. *See* 28 U.S.C. § 1446(b). Defendant has not been served. This Notice of Removal is filed on January 3, 2025 and is timely.

6. Pursuant to 28 U.S.C. § 1446(a) and Southern District of Texas Local Rule 81, this Notice of Removal is accompanied by copies of the following materials:

Exhibit A:    Index of Documents Filed in State Court;

Exhibit B:    List of All Counsel of Record;

Exhibit C:    State Court docket;

Exhibit C-1 – C-7: State Court Filings;

2

7. Attached hereto as Exhibit D is a copy of a Notice to State Court of Removal (without exhibits), which will be promptly served upon Plaintiff's counsel and filed with the 270th District Court of Harris County, Texas. *See* 28 U.S.C. § 1446(d).

8. Defendant reserves all rights and defenses with respect to the Petition.

### III.
### Grounds for Removal

9. This action was filed in the District Court of Harris County, Texas, which is within this Court's district and division. *See* 28 U.S.C. § 1441(a).

10. This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332. This action is removable pursuant to 28 U.S.C. § 1441.

11. 28 U.S.C. §1332(a) provides "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States…"

12. As detailed below, Plaintiff and Defendant are citizens of different states, and the amount in controversy exceeds $75,000.

**A.    The Amount in Controversy Requirement is Satisfied.**

13. The amount in controversy is determined by the amount sought on the face of the plaintiff's pleadings. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Where a plaintiff fails to allege a specific amount of damages in the petition, the district court may examine the petition to determine whether it is facially apparent that the claims exceed the jurisdictional amount. *See White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003) (upholding removal where "[t]he district court [had] concluded it was 'more probable than not' that the lengthy list of compensatory and punitive damages sought by [the plaintiff], when combined with

3

attorney's fees, would exceed $75,000"). The Court may consider compensatory damages, punitive damages, and attorney fees in determining the amount in controversy. *See White*, 319 F.3d at 675-76.

14. The value underlying Plaintiff's declaratory relief claims plainly exceeds $75,000. The amount of the loan is $36,000,000, and the "cash sweep" that Plaintiff seeks to prevent exceeds $1,500,000. Moreover, Plaintiff is seeking to stop the foreclosure of a Property valued at over $75,000.

15. Accordingly, for purposes of federal jurisdiction, this case exceeds the required jurisdictional amount in controversy.

**B.   The Complete Diversity Requirement is Satisfied.**

16. Complete diversity of citizenship exists when "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996); 28 U.S.C. § 1332(a). Here, Plaintiff is a citizen of Texas, and Defendant is a citizen of Delaware, meeting the diversity of citizenship requirement.

*Citizenship of Plaintiff-Texas*

17. Plaintiff Midtown 2100, L.L.C. is a Delaware limited liability company. It is owned solely by (and its sole member is) Midtown Central Square, L.L.C., which in turn is owned 100% by Keeley Megarity, its sole member and an individual residing and domiciled in Texas. The following are the applicable Texas residences: (i) Midtown 2100, L.L.C., 2100 Travis Street #250, Houston, Texas 77002; and (ii) Keeley Megarity, 3741 Jardin Street Houston, Texas 77005.

18. For purposes of diversity jurisdiction, a limited liability company is a citizen of each state of which any member is a citizen, not where it is registered or incorporated. A limited liability company's citizenship for purposes of diversity is the citizenship of its members. *See*

*GMAC Commercial Credit, LLC v. Dillard Department Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004); *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998); *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894 (9th Cir. 2006).

19. An individual person is a citizen of the state where he/she is domiciled – the location of his/her permanent home. *Wachovia Bank v. Schmidt*, 546 U.S. 303 (2006); *Kanter v. Warner-Lambert Co.* 265 F.3d 853, 857 (9th Cir. 2001); *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 418 (3rd Cir. 2010).

20. Accordingly, here, for purposes of federal diversity jurisdiction, the Plaintiff is a citizen of Texas – the citizenship of its 100% member.

***Citizenship of Defendant – Delaware***

21. Wilmington is a national banking association organized under federal law. Its main office is in Delaware. Wilmington serves as trustee for the Trust, which is a trust that has elected to be treated as a real estate mortgage investment conduit ("REMIC") under the Internal Revenue Code of 1986. The following is the applicable residence: 1100 N. Market Street, Wilmington, DE 19890.

22. For purposes of diversity jurisdiction, a REMIC trust has the citizenship of its trustee. *Demarest v. HSBC Bank U.S.*, 920 F.3d 1223 (9th Cir. 2019); *see also Wells Fargo Bank, N.A. v. Mitchell's Park, LLC*, 615 F. App'x 561 (11th Cir. 2015); *LaSalle Bank Nat'l Assoc. v. Nomura Asset Capital Corp.*, 180 F.Supp.2d 465 (S.D.N.Y. 2001); *Wells Fargo Bank v. Konover*, No. 3:05 CV 1924 (CFD), 2009 WL 2710229 (D. Conn. 2009), *aff'd sub nom. Wells Fargo Bank, N.A. v. Konover Dev. Corp.*, 630 F. App'x 46 (2d Cir. 2015); *Bank of Am. v. 3301 Atlantic, LLC*, No. 10-CV-5204 FB, 2012 WL 2529196 (E.D.N.Y. 2012); *Citibank, N.A. v. Wilbern*, No. 12 C 755, 2013 WL 1283802 (N.D. Ill. 2013).

23.     Pursuant to 28 U.S.C. § 1348, a national bank is a citizen of the state in which it is located. A national banking association is located and thus a citizen only of the state where it has its main office as designated in its articles of association. *Wachovia Bank v. Schmidt*, 546 U.S. 303 (2006); *Rouse v. Wachovia Mortgage, FSB*, 747 F.3d 707 (9th Cir. 2014); *see also Angelo Bizzarro v. First National Bank*, No. 19-1672 (3rd Cir. 2020).

24.     Accordingly, for the purposes of federal diversity jurisdiction, Defendant is a citizen of Delaware where its main office is located.

***Complete Diversity***

25.     With Plaintiff being a citizen of Texas and Defendant being a citizen of Delaware, each for diversity purposes, there is complete diversity between Plaintiff and Defendant meeting the requirements of 28 U.S.C. § 1332(a).

## IV.
## Conclusion

26.     Because the amount in controversy requirement is met and there is complete diversity among the parties, this Court has jurisdiction to 28 U.S.C. §§ 1332, 1441, and 1446, and removal is proper.

WHEREFORE, Defendant requests that this action be removed to the United States District Court for the Southern District of Texas, Houston Division, and that no further proceedings be had in the 270th District Court of Harris County, Texas.

Respectfully submitted,

*/s/ Ashley N. Gould*
**Ashley N. Gould**
State Bar No. 24098171
Southern Bar No. 3893237
agould@polsinelli.com
**POLSINELLI PC**
2950 N Harwood St #2100
Dallas, TX 75201
Phone: (214) 754-5716
Facsimile: (214) 397-0033

And

**Llynn White**
*(Pro Hac Vice Forthcoming)*
**POLSINELLI PC**
7676 Forsyth Boulevard, Ste. 800
St. Louis, MO 63105
Phone: (314) 552-6804
Facsimile: (314) 622-6704

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served on January 3, 2025 on the following via certified mail, return receipt requested and/or the Court's ECF system pursuant to the Federal Rules of Civil Procedure:

Daryl W. Bailey
dbailey@grayreed.com
Jeremy Walter
jwalter@grayreed.com
Caleb White
cwhite@grayreed.com
GRAY REED
1300 Post Oak Blvd., Suite 2000
Houston, Texas 77056
Telephone: (713) 986-7000
Facsimile: (713) 986-7100
**ATTORNEYS FOR PLAINTIFF**
**MIDTOWN 2100, L.L.C.**

*/s/ Ashley N. Gould*